RHODE ISLAND MARINE TRANSPORTATION CO. *vs.*

INTERSTATE NAVIGATION CO.

JANUARY 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

144

PER CURIAM. This is an action of trespass and ejectment to obtain possession of a wharf in the town of New Shoreham. The case is before us on the plaintiff's exception to a ruling of the trial justice nonsuiting the plaintiff at the conclusion of its evidence in the Superior Court.

On July 28, 1928, the property was owned by Edward T. Quillen and Thomas E. Quillen as tenants in common. On said date the defendants entered into an agreement with the owners whereby the defendants became entitled to berth at said dock a certain motor ship and to receive and discharge freight and passengers daily at a certain rental. On March 24, 1929, said Thomas E. Quillen deceased intestate. On April 30, 1930, the probate court having jurisdiction of his estate entered a decree granting to his administrator leave to sell the right, title and interest of the deceased in and to the property in question. Thereafter, on May 21, 1930, Edward T. Quillen, the surviving tenant in common, and the administrator of said Thomas E. Quillen's estate served a notice in writing upon the defendants to quit, vacate and deliver up possession of the premises in question not later than June 24, 1930. On July 7, 1930, said Edward T. Quillen and said administrator commenced an action of trespass and ejectment in the District Court of the First Judicial District against the defendants to recover possession of said premises. The defendants submitted to a decision for the plaintiff and then claimed a jury trial. On July 28, 1930, before said action was tried in the Superior Court, the property was conveyed by said Edward T. Quillen and said administrator to the plaintiff which, on October 3, 1930, without giving any notice to quit, commenced this action in said district court. At the trial thereof said court rendered decision for the plaintiff. Thereupon the defendants duly claimed an appeal to the Superior Court.

At the trial in the Superior Court the trial justice, in granting the nonsuit, ruled that the defendants were tenants and, as such, entitled to some notice—the length dependent upon the nature of their tenancy—and that the notice given by the plaintiff's predecessor in title did not inure to the plaintiff's benefit.

Ordinarily in an action of ejectment a plaintiff makes a *prima facie* case by proving (1) his title and (2) possession in the defendant. Trespass and ejectment is a summary action to recover "possession of tenements or estates let, or held at will or by sufferance." § 4758, G. L. 1923. It is apparent that to give jurisdiction to a district court it is necessary to show that the defendant is, or was, a tenant of the property. If the tenant has not attorned to the plaintiff and thereby estopped himself from disputing his landlord's title, the plaintiff must, at least, prove his title or other right to possession.

In the case before us the defendants were never tenants of the plaintiff. There is some evidence that the defendants paid rent to the plaintiff's predecessor in title. How much rent was paid, or what was the nature of the tenancy, if one existed, the plaintiff does not know. It appears that a notice to quit was given by those under whom the plaintiff claims title. Whatever may have been the situation at common law, the plaintiff, by reason of the statute, acquired by the conveyance all of the grantor's right of possession and right of entry. See Sec. 11, Chap. 297, G. L. 1923. See also note in *Washington* v. *Moore,* 120 Am. St. Rep. 29.

In these circumstances, especially when one of the two joint tenants, under whom the plaintiff claims title and the defendants claim right of possession, has deceased, it is unreasonable to require the plaintiff to prove a long series of negatives before the defendants are required to go forward and, at least, assert by what authority they assume to retain possession. These negatives include the questions whether the defendants were tenants at will, tenants by suf-

146

ferance, tenants from month to month, tenants for a year or tenants from year to year. It was the intention of the legislature that actions of trespass and ejectment be tried with the utmost dispatch consistent with the rights of the parties. As the defendants have not questioned the jurisdiction of the district court, we must assume at this stage of the case that they are relying upon a claim of tenancy of some nature. The plaintiff having shown a *prima facie* case, the burden was on the defendants to go forward and show the nature of their claim of right to hold possession.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for a new trial.

*Edward M. Sullivan, John J. Sullivan,* for plaintiff.

*William W. Blodgett, John H. Nolan, Eugene J. Sullivan,* for defendant.